IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDUSTRIOUS SERVICE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> HENRY F. TEICHMANN, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT <br><br> Case No. 2:23-cv-00389-JNP-JCB <br><br> District Judge Jill N. Parrish |

Before the court is plaintiff Industrious Service Group, Inc.'s motion for default judgment. ECF No. 13. The court GRANTS IN PART and DENIES IN PART the motion.

Industrious Service alleges in its complaint that Henry F. Teichmann, Inc. was hired as a general contractor to complete improvements to a production plant. Teichmann hired Industrious Service as a subcontractor and agreed to pay it a total of $1,028,844.21 for work on the project. Industrious Service performed the work, but Teichmann paid it only $694,675.55, leaving a deficit of $334,168.66. Industrious Service sued Teichmann, asserting, among other claims, a cause of action for breach of contract. Teichmann failed to answer the complaint, and the court entered a default against it. Industrious Service now moves for the entry of a default judgment in the amount of $361,714.90 for the amount Teichmann still owes plus statutory interest.

In evaluating a motion for default judgment, the court accepts all of the well-pled factual allegations of the complaint as true. *Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 157 (10th Cir. 2022). The facts alleged in the complaint establish that Teichmann breached the contract between the parties by failing to pay all that it owed. The affidavits and

billing records produced by Industrious Service show that the unpaid amount remaining is $334,168.66.

Citing Utah Code sections 58-55-602 and 13-8-5(10)(b), Industrious Service asserts in its complaint that it is entitled to statutory interest on this amount at the rate of 2% per month. It argues that these statutes provide that unpaid construction funds owed to a contractor are subject to a charge of 2% per month. The court concludes, however, that a different statute controls. Utah Code section 58-55-603(2) provides that if a "contractor fails to pay for work performed by his subcontractors . . . he shall pay to the subcontractor . . ., in addition to the payment, interest in the amount of 1% per month of the amount due, beginning on the day after payment is due." Because section 58-55-603(2) addresses the specific circumstance where a contractor fails to remit a timely payment to a subcontractor—the precise situation presented here—this statute governs the amount of interest owed in this case. *See De Baritault v. Salt Lake City Corp.*, 913 P.2d 743, 747–48 (Utah 1996) ("[W]ell-established principles of statutory construction require that a more specific statute governs instead of a more general statute." (citation omitted)).

Accordingly, Industrious Service is entitled to 1% per month in simple interest on the amount owed, or $109.92 per day. The complaint establishes that Industrious Service submitted its final invoice to Teichmann on March 7, 2023. The contract between Industrious Service and Teichmann provided that Teichmann had 30 days from the date an invoice was received to remit payment, making the payment overdue on April 7, 2023. At a rate of $109.92 per day, Teichmann owes a total of $19,675.68 in interest as of the date of this order.

## CONCLUSION

Industrious Service is entitled a default judgment in the principal amount of $334,168.66, plus prejudgment interest in the amount of $19,675.68, for a total of $353,844.34.

DATED October 3, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
